IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON KING<br><br>  Plaintiff,<br><br>v.<br><br>SAN FRANCISCO COMMUNITY<br>COLLEGE DISTRICT,<br><br>  Defendants. | No. C 11-06118 RS<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND** |

## I. INTRODUCTION

Defendant San Francisco Community College District ("the District"), moves to dismiss plaintiff Aaron King's complaint under Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure, as barred by res judicata. King opposes the motion. Pursuant to Civil Local Rule 7-1(b), the motion is appropriate for disposition without a hearing, and is hereby granted without leave to amend, for the reasons set forth below.

This Court entered judgment against King in his prior, related action, *King v. San Francisco Community College District, et al.*, No. C 10-1979, on November 7, 2011, and subsequently denied his motion to alter or amend the judgment on January 11, 2012.[1] He did not appeal. In that case, King alleged that he made repeated complaints that a fellow student was harassing and stalking him to the District administration and police department, yet they failed to take appropriate action. King

---

[1] Defendant requests judicial notice of various filings from the docket of that case. The motion will be granted. Fed. R. Evid. 201. All filings in the prior case, though not the disputed facts therein, are hereby judicially noticed.

maintained that the District instead retaliated against him by citing him for a criminal offense based on claims made by the alleged stalker, suspending him, and ultimately, refusing to allow him to re-register for classes.  He brought suit against the District, its police department, and five of its employees, asserting numerous claims for relief for violations of Title IX, 42 U.S.C. §§ 1981, 1983, 1985, 1986, California's Unruh Civil Rights Act, the California's Education Code, negligence, infliction of emotional distress, and fraud.  He requested statutory, punitive, and actual damages, costs, lost income, and injunctive relief.  After several successive rounds of pleadings, all of his claims were dismissed with prejudice for failure to state a claim, and the case was closed.

On December 5, 2011, roughly one month after losing his first case, King filed this action.  In these proceedings, King again claims that he reported incidents of harassment and stalking to the District administration and its police department, including the same individual defendants named in his earlier case.  King alleges that the District police failed to take appropriate action, and instead cited him for a criminal offense.  He goes on to accuse various members of the District's administration, including individuals who were party to the first suit, of failing to assist him or to rectify the alleged retaliation.  He contends the District engaged in race and sex discrimination, advances claims for relief for violations of Title VI, Title IX, California's Education Code, and the First Amendment, and requests injunctive relief and damages.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must present "a short and plain statement of the claim" demonstrating that the plaintiff is entitled to relief.  Dismissal is appropriate if the claimant either does not raise a cognizable legal theory or fails to allege sufficient facts to support a cognizable claim.  *See* Fed. R. Civ. P. 12(b)(6); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Dismissal without leave to amend is appropriate where the complaint cannot be saved by any amendment.  *See Gadda v. State Bar of Cal.*, 511 F.3d 933, 939 (9th Cir. 2007).  "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (citing *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981)).  The doctrine may be applied to dismiss a case pursuant to Rule 12(b)(6) if there is: (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between the parties.  *Id.*; *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001).  There is an identity of claims for purposes of preclusion if the first and second cases "arise out of the same transactional nucleus of facts."  *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) (citing *Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201-02 (9th Cir. 1982)).  A judgment of dismissal without leave to amend for failure to state a claim constitutes a judgment on the merits for purposes of preclusion.  Fed. R. Civ. P. 41(b); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002).  Privity attaches to "a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (internal quotation marks and citations omitted).

Defendants correctly note that the majority of King's claims asserted in this action have already been litigated in *King v. San Francisco Community College District, et al.*, No. C. 10-1979. In fact, many of King's claims sound under the exact same legal authority.  It is not necessary to review each of his individual claims, however, as it is abundantly clear from the face of his complaint that all of his allegations "arise out of the same transactional nucleus of facts."  *Frank*, 216 F.3d at 713.  Although King expounds at length on the law and the evidence, as he sees it, in his opposition to defendant's motion, these recitations merely confirm that his newly-asserted claims are founded upon precisely the same factual allegations that supported his first suit.  He also insists he has identified new evidence, consisting of correspondence to King dating from 2010 and 2011. Neither letter appears to be new, or for that matter, to support a cognizable claim.  As defendant points out, King already moved to amend or alter the judgment in his prior case, and was unable to establish his entitlement to that relief.  His collateral attempts in these proceedings are similarly unavailing.

**United States District Court**
For the Northern District of California

King also appears to argue that he should be permitted to assert his Title VI claim because he administratively exhausted that claim on September 10, 2011, after filing the Second Amended Complaint that was dismissed with prejudice in *King v. San Francisco Community College District, et al.*, No. C 10-1979.  No evidence appears in the record to support this claim, and King has not identified or urged any formal exception to res judicata in support of this contention.  In addition, plaintiff's exhaustion of administrative remedies, for purposes of his state law claims, was litigated in the prior action.  King allegedly perfected his right to sue several months before his case was dismissed and his motion to amend was denied.  It was therefore incumbent upon him to raise in a timely fashion any Title VI claim arising from the same set of events that he wished to assert.  Because he did not, he many not do so now.  It is of no consequence, of course, that several of King's claims, including those sounding under Title VI and the First Amendment, were not specifically asserted in the first action.  "[R]es judicata bars not only all claims that were actually litigated, but also all claims that 'could have been asserted' in the prior action." *Int'l Union of Operating Eng'rs v. Karr,* 994 F.2d 1426, 1430 (9th Cir. 1993) (citing *McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986)).  Here, all of King's claims either were actually asserted in the prior action, or could and should have been.  The first element of claim preclusion is therefore met.

As noted above, the prior case was dismissed, in its entirety, without leave to amend on November 7, 2011.  Although King moved to amend or alter the judgment, the request was denied, and he did not appeal.  Accordingly, the prior action was subject to a final judgment on the merits.  Fed. R. Civ. P. 41(b); *Stewart*, 297 F.3d at 957.  King does not appear to debate that the prior case was so resolved.  The second element of preclusion is therefore also met.

Finally, the defendant in this case, the District, was also a party to the prior action.  This satisfies the third element required to establish res judicata.  Although King now requests that the District's Governing Board be substituted as defendant, (*see* Dkt. No. 16), even if the request were granted, there would still be privity, if not outright identity.  "Privity" arises where there is a "substantial identity" between the party and nonparty, or "where the interests of the nonparty and party are so closely aligned as to be virtually representative." *In re Schimmels*, 127 F.3d at 881. Here, defendants assert that "[t]he Governing Board is not a separate legal entity subject to suit, and

the District acts through its governing board." (Def.'s Mot. at 6:24-26). King apparently does not dispute that contention. The test for identity or privity of parties is therefore met.

Defendant's motion to dismiss must be granted. The motion is granted with prejudice because it is apparent from the face of his complaint that res judicata principles bar any further proceedings on his current claims, regardless of any amendments to the pleadings he might seek. *Gadda*, 511 F.3d at 939.

### III. CONCLUSION

For the reasons set forth above, the motion to dismiss is granted without leave to amend. Plaintiff's outstanding request to proceed *in forma pauperis* is denied as moot. The Clerk is directed to close the case.

IT IS SO ORDERED.

Dated: 6/18/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE